```
             UNITED STATES BANKRUPTCY COURT
            MIDDLE DISTRICT OF NORTH CAROLINA
                    GREENSBORO DIVISION
```

IN RE:                              )
                                    )
John Davis Troxler and              )   Case No. 07-10319C-13G
Kathryne Hamilton Troxler,          )
                                    )
        Debtors.                    )
_____)
                                    )
Rentrak Corporation,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Adversary No. 07-2043
                                    )
John Davis Troxler,                 )
                                    )
        Defendant.                  )
                                    )

## ORDER AND OPINION

This adversary proceeding came before the court on March 25, 2008, for hearing upon the defendant's motion to amend answer. Defendant's motion seeks to amend defendant's answer to add an allegation to paragraph 16 and 26 of the answer that any alleged fiduciary duty was waived by the plaintiff and to add to the answer the assertion that the complaint does not allege fraud with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure and therefore does not state a claim for relief. For the reasons that follow the court has concluded that the motion should be denied.

The version of Rule 16(b) of the Federal Rules of Civil Procedure that is applicable in this proceeding mandates that the judge "shall ... enter a scheduling order that limits the time ...

(1) to join other parties and to amend the pleadings...."[1] The Rule 16 scheduling order in this proceeding requires that motions to amend be filed on or before December 6, 2007. Defendant's motion to amend was filed on March 3, 2008, some three months after the deadline for filing such motions. Rule 16 is intended to play an important role in the litigation process by providing a mechanism for scheduling the pleading, discovery and trial of cases in a manner which will promote the efficient and fair resolution of cases. If Rule 16 is to serve this important purpose, scheduling orders entered pursuant to Rule 16 must be respected. This means that the deadlines established by Rule 16 may not be ignored by the parties or the attorneys in the case. Consistent with this policy, where a party files a motion to amend after the date specified in the scheduling order, such party "must first demonstrate that there is 'good cause' why the court should not adhere to the dates specified in the scheduling order. If the party shows 'good cause' to the court's satisfaction, the party must then demonstrate that leave to amend is proper under Federal Rule of Civil Procedure." Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); see also 3 JAMES WM. MOORE, et al., MOORE'S FED. PRACTICE § 16.13(1)(a), at 16-54 (3d 2007). In the present proceeding, no reason was shown as to why the motion to amend was filed three months after the

---

[1] Rule 16 has been amended and now provides that the scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."

- 2 -

deadline. There is no indication that the motion to amend is based upon facts that came to light after the deadline nor any other explanation for the failure to comply with the deadline. The defendant having failed to show good cause why the court should not adhere to the deadline agreed to by the parties and adopted by the scheduling order, the motion to amend shall be denied.

IT IS SO ORDERED.

This 26th day of March, 2008.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Christopher C. Finan, Esq.
P.O. Box 1550
High Point, NC 27261

Jeffrey P. Farran, Esq.
706 Green Valley Road, Suite 505
Greensboro, NC 27408